UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL GIRARD AND KAREN GIRARD, <br><br> Plaintiff <br><br> v. <br><br> BJ'S WHOLESALE CLUB <br> and BJ'S WHOLESALE CLUB, INC. <br><br> Defendants | CIVIL ACTION – LAW <br><br> NO. |

**DEFENDANT BJ'S WHOLESALE CLUB INC.'S NOTICE OF REMOVAL**

Defendants named as BJ Wholesale Club and BJ's Wholesale Club, Inc. (more properly pled as BJ's Wholesale Club, Inc. and hereinafter referred to as "BJ's" or "Defendant"), by and through its undersigned counsel, Goldberg Segalla, LLP, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a), 1441(b), 1446(b), and 1446(c)(2), to remove this action from the Philadelphia County, Court of Common Pleas, April Term 2022, No. 002312, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, avers as follows:

1. On April 27, 2021, Plaintiffs Paul and Karen Girard ("Plaintiffs") commenced this action by filing a Complaint in the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, April Term 2022, No. 002312. A true and correct copy of Plaintiffs' Complaint, which was received by BJ's on or about April 29, 2021, is attached hereto as Ex. "A."

2. The Complaint demanded a Major Jury Trial and the Complaint contained an *ad damnum* clause averring that Plaintiffs are seeking an amount in excess of $50,000. Id.

3. In support of this removal, BJ's sets forth that based on claimed serious injury and surgery claims (which are set forth below and in the Complaint) including an alleged knee replacement, Plaintiffs have made a demand to BJ's of one hundred and fifteen thousand dollars ($115,000.00).  Id.

4. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.

### A. PLAINTIFFS ARE DIVERSE FROM DEFENDANT

5. Plaintiffs have verified that they reside at 535 Gorgas Lane, Philadelphia, PA 19128 and are therefore, citizens of Pennsylvania.  See Ex. "A" at case caption and ¶¶ 1-2.

6. In the Complaint, Plaintiff Paul Girard claims that on May 1, 2020, he was caused to slip and fall due to an alleged dangerous and defective condition that was on the floor of the premises of the BJ's Wholesale Club located at 2300 W. Oregon Avenue, Philadelphia, Pennsylvania.  See Ex. "A" ¶¶ 7-9.

7. The BJ's Wholesale Club where Plaintiff's alleged incident occurred was at all times material hereto maintained and operated by Defendant BJ's Wholesale Club, Inc.

8. Defendant BJ's Wholesale Club, Inc. is a Delaware Corporation with its principal place of business located in Westborough, Massachusetts.

9. Accordingly, Plaintiffs are diverse from Defendants and the requirements for removal based on diversity of citizenship are satisfied.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS

33226260.v1

10. In the Complaint, Plaintiff Paul Girard alleges as a result of the incident he suffered multiple, severe, disfiguring and permanent injuries in and about his body and extremities, including blunt trauma injuries, including sprain of medial collateral ligaments of his right knee, complex, extensive tearing of the medial meniscus with extrusion, oblique undersurface tear of the lateral meniscus, joint effusion with reactive synovitis, moderate medial and lateral compartment chrondrosis, irreparably damaged knee structure necessitating right total knee arthroplasty (knee replacement) and surgical installation of artificial knee joint, as well as total disability; ripping, tearing, stretching and hemorrhaging of the muscles, tendons, ligaments and blood vessels attached thereto, which are causing great physical pain which continues into the future. See Ex. "A" at ¶ 15.

11. Plaintiff Paul Girard further alleges that he was required to expend large sums of money for medicine, medical care and treatment in an effort to cure himself. See Ex. "A" at ¶ 18.

12. Additionally, Plaintiff also alleges that as a result of the alleged incident which is the subject of the Complaint, that he has been caused to be unable to engage in gainful employment, sustained a substantial loss of earnings and may in the future be caused to be unable to earn a living and thus has a reduction in earning power. See Ex. "A" at ¶ 19.

13. Finally, Plaintiff Karen Girard, as the wife of Plaintiff Paul Girard, appears to be making a claim for loss of consortium, alleging that Plaintiff Paul Girard was prevented from attending to his usual duties and occupations to his great financial loss. See Ex. "A" at ¶ 2, 19 and case caption.

14. A defendant's notice of removal need only include a "plausible allegation" the amount in controversy exceeds the jurisdictional threshold. <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

15. In light of:

    a. Plaintiff's demand of $115,000;

    b. Plaintiff's claim that he has not been able to work since the accident and other economic damages incurred to help cure himself;

    c. Plaintiff's claims for serious and permanent injuries, including a knee replacement;

    d. Plaintiff Karen Girard's loss of consortium claims;

Defendant can now certify to this Court that the case is one which or has become removable.  <u>See</u> Exhibit "A".

16. This Notice of Removal is filed within thirty days of Plaintiffs filing the Complaint and is thus timely.

17. The United States District Court for the Eastern District of Pennsylvania is in the federal judicial district encompassing Philadelphia County, Pennsylvania, where the underlying state court action was filed. For purposes of removal, venue lies in this Court under 28 U.S.C. § 1441(a).

18. Prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel, a copy of this Notice of Removal is being sent to Plaintiffs through their counsel, and a copy of this Notice of Removal will be filed with the Prothonotary of the Philadelphia County Court of Common Pleas, as required by 28 U.S.C. § 1446(d).

19. Because the requirements for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 are satisfied, *i.e.,* complete diversity of citizenship between Plaintiffs and the Defendant and the amount in controversy in excess of $75,000, this action is properly removable.

20. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached copies of all process, pleadings, and orders served upon them, including: A true and correct copy of Plaintiff's Summons and Complaint. *See* Exhibit "A."

**WHEREFORE**, Defendant respectfully requests that the entire state court action under Docket No. April Term, No 002312, currently pending in the Philadelphia County Court of the Common Pleas, be removed to this Court for all further proceedings.

**GOLDBERG SEGALLA LLP**

Dated: April 29, 2022          BY:   /s/*John McConnell*
JOHN M. MCCONNELL, ESQUIRE
MATTHEW E. SELMASSKA, ESQUIRE
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
Mailing address:
PO Box 580, Buffalo, NY 14201
T:  267-519-6800 / F:  267-519-6801
jmcconnell@goldbergsegalla.com
mselmasska@goldbergsegalla.com

33226260.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date shown below, I caused to be served a true and correct copy of the foregoing Notice of Removal upon all counsel of record via electronic mail and/or e-filing.

Dated: April 29, 2022                             /s/John M. McConnell
                                                                JOHN MCCONNELL

33226260.v1