*EXHIBIT A*

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | APRIL 2022    002312 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| PAUL GIRARD and KAREN GIRARD, h/w | BJ'S WHOLSESALE CLUB |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 535 Gorgas Lane, Phila, Pa. 19128 | 2300 Oregon Avenue, Phila., PA. 19145 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | BJ'S WHOLSALE CLUB , INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | CT Corporation System 600 North 2nd Street, Harrisburg, PA. 17101 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 2 | ☒ Complaint ☐ Writ of Summons | ☐ Petition Action ☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☒ More than $50,000.00 | ☒ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/Survival |
| | ☐ Other: | | | |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

2S Premises Liability

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | CMPLC-Girard Etal Vs Bj'S Wholesale Club Etal | Yes  No |
| | ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 22040231200006 | ☐  ☒ |
| | | ☐  ☒ |
| | | ☐  ☒ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Gary R. Brod | 7600 Stenton Avenue, 1-L Phila., Pa. 19118 |
| **PHONE NUMBER** / **FAX NUMBER** | |
| 215-247-0257 / 215-247-7758 | |
| **SUPREME COURT IDENTIFICATION NO.** | **E-MAIL ADDRESS** |
| 36127 | brodlaw@comcast.net |
| **SIGNATURE** | **DATE** |
| | 4-27-2022 |

01-101 (Rev. 12/99)

**LAW OFFICES GARY R. BROD**
BY: GARY R. BROD, ESQUIRE
Attorney I.D.#: 36127                    THIS IS A MAJOR JURY CASE
7600 Stenton Avenue, 1-L
Philadelphia, Pennsylvania 19118
(215) 247-0255                           Attorney For Plaintiffs

---

PAUL GIRARD and KAREN GIRARD, h/w:
535 Gorgas Lane,                    :COURT OF COMMON PLEAS
Phildelphia, Pennsylvania 19128     :PHILADELPHIA COUNTY
              v.                    :
BJ'S WHOLESALE CLUB                 : CIVIL TRIAL DIVISION
2300 W. Oregon Avenue,              :
Philadelphia, Pennsylvania 19145 :  **APRIL 2022**
        and                         :APRIL, TERM, 2022
BJ'S WHOLESALE CLUB, INC.           :
CT Corporation System,              :No.:   **002312**
600 North 2nd Street,               :
Harrisburg, Pennsylvania 17101      :

## CIVIL ACTION
## PREMISES LIABILITY-2S

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | Le han demandado a usted en la courte. Si usted quiere defenderse de estas demamdas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la cort en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede Perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO,O SI NO TIENE EL DINERO SIFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone: 215-238-1701 | ASOCIACION DE LICENCIADOS DE FILADELPHIA<br>SERVICIO DE REFERENCIA E INFORMACION LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Telefono: 215-238-1701 |

## CIVIL ACTION

1. Plaintiff, PAUL GIRARD is an individual residing at 535 Gorgas Lane, Philadelphia, Pennsylvania 19128.

2. Plaintiff, KAREN GIRARD is an individual residing at 535 Gorgas Lane, Philadelphia, Pennsylvania 19128.

3. Defendant, BJ'S WHOLESALE CLUB is a corporation, limited liability company, partnership, fictitious name of an individual or individuals, franchise or proprietorship with a place of business located at 2300 W. Oregon Avenue Philadelphia, conducting business there at all time material thereto.

4. Defendant, BJ'S WHOLESALE CLUB, Inc. is a corporation, limited liability company, partnership, fictitious name of an individual or individuals, franchise or proprietorship with a place of business located at 2300 W. Oregon Avenue, Philadelphia Pennsylvania, with a registered office for the acceptance of service at CT CORPORATION SYSTEM located at 600 North 2nd Street, Harrisburg, PA. 17101

5. At all times material hereto the aforesaid defendants owned and/or operated a supermarket from the location of 2132 E. Lehigh Avenue, Philadelphia, Pennsylvania.

6. At all times relevant hereto, all of the acts, and omissions of the defendants were committed through their agents, servants, workmen and/or employees and by others with whom the defendants had control or authority

and were acting within the course and scope of said
employment and/or agency.

7. At all times relevant hereto defendants, leased, managed,
operated, controlled and/or had dominion over the store located
at 2300 W. Oregon Avenue, Philadelphia, Pennsylvania.

8. At all times material hereto, Plaintiff was a business
invitee on the subject premises.

9. On or about May 1, 2020 plaintiff, Paul Girard was a lawful
business invitee proceeding on foot in the aforesaid premises
when he was caused to slip and fall on an accumulation of
slippery gel-like liquid substance which existed on the floor
for a substantial period of time prior thereto.

10. As a direct and proximate result of this slip and fall
incident, Plaintiff sustained the severe injuries hereinafter
more fully described.

11. The aforesaid incident resulted solely from the negligence,
carelessness and recklessness of the defendants herein, jointly
and severally, and in no manner whatsoever to any act or failure
to act on the part of the plaintiff.

12. Plaintiff avers that the aforesaid area constituted a
dangerous and perilous condition, a public nuisance and a menace
to all persons traversing hereon for a long time prior thereto.

13. Defendants, at all times knew or should have known of the
dangerous and defective condition of its premises and failed to

correct said condition and/or otherwise protect the plaintiff
and the public similarly situated.

14. The aforesaid incident was proximately caused by the
negligence of the defendants, both jointly and severally and
consisted of the following:

(a) failing to properly maintain said floor in a safe condition;

(b) allowing the defective condition to exist which the
defendants knew or should have known created a dangerous hazard
to persons, business invitees, guests and/or pedestrians walking
on said area;

(c) permitting said area to remain in a condition so as to
constitute a menace, danger, nuisance, snare, trap to persons,
business invitees, guests and or pedestrians walking on the said
area;

(d) failing to properly inspect and remedy the unsafe condition
of the floor area after notice, actual or constructive of its
dangerous condition;

(e) failing to discover a hazard;

(f) failing to give proper and adequate notice of the defective
and dangerous condition of said floor area;

(g) failing to erect and maintain appropriate barriers or
safeguards around the defective and dangerous portion of the
floor area;

(h) disregarding the rights and safety of those persons lawfully using the premises;

(i) failing to provide persons lawfully using the premises with a safe area to traverse said premises;

(j) failing to remove or remediate the water or other foregoing substance upon the floors of the store;

(k) failing to properly supervise its agents, servants, workmen, employees or personnel;

(l) failing to properly train its agents, servants, workmen, employees or personnel;

(m) failing to institute rules, regulations and/or procedures for its employees, agents, servants, workmen and/or personnel to follow so that persons could perform their duties of inspection, remediation and maintenance of the floors and walkways of the premises in a timely, prudent and workmanlike manner, all to the detriment of the plaintiff;

(n) negligence at law and

(o) such other acts and omissions constituting negligence as shall be revealed from discovery through trial.

15. Solely as a result of the negligence and recklessness of the defendants, jointly and severally, plaintiff, Paul Girard suffered multiple, severe, disfiguring and permanent injuries in and about his body and extremities, discs connected thereto and/or may have aggravated a previously existing condition. In

particular, he sustained multiple bruises, abrasions, contusions and blunt trauma injuries including sprain of medical collateral ligaments of right knee, complex, extensive tearing of the medial meniscus with extrusion, oblique undersurface tear of the lateral meniscus, joint effusion with reactive synovitis moderate medial and lateral compartment chondrosis, irreparably damaged knee structure necessitating right total knee arthroplasty (knee replacement) and surgical installation of artificial knee joint under general anesthesia, involuntary immobilization and confinement of entire body and limb, total disability, ripping, tearing, stretching and hemorraghing of the muscles, tendons, ligaments and blood vessels attached thereto together with severe shock to all the nerves and nervous system by reason of which he was rendered sick, sore, lame and prostrate and disordered and was made to undergo great physical pain and anguish as a result of which he has suffered, yet suffers and will continue to suffer for an indefinite period of time into the future.

16. Some or all of the aforesaid injuries will be permanent.

17. Some or all of the aforesaid injuries have and will continue to result in the loss of use of bodily functions or movement.

18. As a further result of this incident, plaintiff was required to expend large sums of money for medicine, medical care and treatment in and about an effort to cure himself of his injuries

and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the in the future.

19. As a further result of the negligence as aforesaid he has been caused to be unable to engage in gainful employment in his area of expertise, sustained a substantial loss of earnings and may in the future be caused to be unable to earn a living and thus have a reduction in earning power, all to his great financial damage and loss.

20. As a further result of this incident, plaintiff was also prevented from attending to his usual duties and occupations to his great financial loss.

**WHEREFORE**, the plaintiff, Paul Girard respectfully prays this Honorable Court to enter a judgment in his favor and jointly and severally against defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest, costs and attorney's fees.

BY: _____
**GARY R. BROD, ESQUIRE**
Attorney For Plaintiff

**COUNT II-(Spousal Consortium) HUSBAND PLAINTIFF v. DEFENDANTS**

21. Plaintiff, Karen Girard, incorporates the allegations of fact contained in paragraphs one through twenty, inclusive as fully as though the same were here set forth at length.

19. By reason of the aforesaid occurrence, plaintiff Karen Girard, has been and may and probably will in the future be deprived of the assistance and society of her husband all of which has been and probably will in the future, be to her great financial damage and loss.

**WHEREFORE,** plaintiff, Karen Girard demands judgment against defendants, jointly and severally for a sum in excess of Fifty Thousand ($50,000.00) Dollars.

BY: _____

**GARY R. BROD, ESQUIRE**
Attorney For Plaintiffs

## VERIFICATION

GARY R. BROD hereby states that he is the attorney in this

Action and verifies that the statements made in the foregoing

Civil Action are true and correct to the best of his knowledge,

information and belief. The undersigned  understands that

the statements therein are made subject to the penalties of

18 PA. C.S. section 4904 relating to unsworn  falsification to authorities.

BY:_____

**GARY R. BROD, ESQUIRE**
**Attorney For Plaintiffs**

**Dated: April 27, 2022**

VERIFICATION

Paul Girard, subject to the penalties of 18 Pa. C.S. #4904 relating to

unsworn falsification to authorities, deposes and says that he is the

plaintiff herein and that the facts set forth in the foregoing are true

and correct to the best of his knowledge, information and belief.

X